

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00208-CR
No. 07-18-00209-CR
_____

JADE DERRICK SCALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 70,813-B (Counts I & II); Honorable John B. Board, Presiding

December 18, 2018

## ORDER FOR REBRIEFING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Jade Derrick Scales, was charged by an amended indictment with two counts of cruelty to non-livestock animals. *See* TEX. PENAL CODE ANN. § 42.092(b)(1) (West Supp. 2018). Each count of the amended indictment contained the identical charging information, to-wit:

The Grand Jurors for Potter County, Texas, duly organized and sworn as such at the July Term A.D., 2015, of the District Court of the 47th Judicial District, in and for Potter County, Texas, upon their oaths in that Court at that term present that JADE DERRICK SCALES, hereinafter styled Defendant, on or about the 8th day of February, 2015, and before the presentment of this indictment, in Potter County, Texas, did then and there, intentionally, knowingly, or recklessly in a cruel manner kill or in a cruel manner cause serious bodily injury to an animal, namely, a dog, by stabbing or cutting it or a combination thereof, and the Defendant's conduct was not a generally accepted and otherwise lawful form of conduct occurring solely for the purpose of or in support of fishing, hunting, or trapping; or wildlife management, wildlife or depredation control, or shooting to preserve practices as regulated by state and federal law; or animal husbandry or agriculture practice involving a livestock animal.

In addition, the amended indictment contained a *Deadly Weapon Notice* alleging that during the commission of each offense, Appellant did use or exhibit a deadly weapon, namely, a knife. Finally, the amended indictment contained an *Enhancement Paragraph* alleging that before the commission of the primary offense, Appellant was finally convicted of the felony offense of burglary of a habitation.

In our review of this case, two unbriefed issues of potential fundamental error have arisen—one pertaining to the number of offenses committed and the other pertaining to the appropriate range of punishment.

As to the first issue, in the prosecution of an offense under section 42.092(b), where the object of the alleged unlawful conduct in each case is identically described as "an animal, namely, a dog," does the prosecution for multiple offenses violate principles of due process or double jeopardy? And, where the two offenses are alleged to have occurred during the same criminal episode, is each animal the appropriate subject of a

2

separate unit of prosecution?  Finally, if Appellant is subject to prosecution for more than one offense, did the indictment in this case provide adequate notice of multiple offenses?

As to the second issue, where the offense in question was a state jail felony at the time of the commission of the offense, what was the appropriate range of punishment under the facts of this case?  Specifically, in light of *Prichard v. State*, 533 S.W.3d 315 (Tex. Crim. App. 2017) (holding the Legislature intended to permit a deadly-weapon finding *only* if the *recipient* of the use or exhibition of the deadly weapon was a human), where the indictment does not allege a human recipient in the prosecution of an offense under section 42.092(b), is the offense punishable as a third degree felony based upon the use of a deadly weapon?  *See* TEX. PENAL CODE ANN. § 12.35(c)(1) (West Supp. 2018). And, finally, is a state jail felony offense, similar to the one in this case, subject to enhancement based upon a single prior felony offense?  *See* TEX. PENAL CODE ANN. § 12.425 (West Supp. 2018).

Because these questions are of paramount importance to the just and right disposition of this matter and because the court desires to have the input of the parties in resolving these unassigned issues, the court hereby orders Appellant to consider these issues and to file a supplemental brief within thirty days of the date of this order, addressing these questions only.  Upon the filing of *Appellant's Supplemental Brief*, the State shall have thirty days to file a responsive brief.  In their discussion of the identified issues, the parties shall address whether each issue requires preservation under Rule 33.1 of the Texas Rules of Appellate Procedure and, if so, whether the issues were preserved for review.  Each party may also avail itself of any applicable Rule of Appellate Procedure, as needed.

It is so ORDERED.

Per Curiam

Do not publish